IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TOMEKA DUFFEY,<br><br>    Plaintiff,<br><br>                   v.<br><br>SIVASAYANTH KANTHASMY,<br>MARS FREIGHT LTD., and INTACT<br>INSURANCE COMPANY,<br><br>    Defendants. | Civil Action No.<br>1:20-cv-01036-SDG |

**ORDER**

This matter is before the Court on Plaintiff Tomeka Duffey's motion to remand [ECF 7]. For the following reasons, Duffey's motion is **GRANTED**.

**I.   BACKGROUND**

On November 8, 2019, Duffey initiated this action in the Superior Court of Henry County, Georgia.[1] In the Complaint, Duffey seeks $67,979.19 in past medical expenses, as well as future medical expenses and general damages for pain and suffering.[2] On January 8, 2020, Defendants Sivasayanth Kanthasmy, Mars Freight Ltd., and Intact Insurance Company ("Removing Defendants") filed their

---

[1] ECF 1-3.

[2] *Id.*

answers to Duffey's Complaint.[3] On February 7, Duffey served responses to Mars Freight's discovery requests, indicating that she intends to seek damages in excess of $75,000 in this litigation.[4]

On March 6, Removing Defendants filed their initial notice of removal pursuant to 28 U.S.C. § 1332.[5] They argue the removal is timely because Duffey's discovery responses constituted the first indication that the case exceeded the amount in controversy required for diversity of citizenship jurisdiction. On March 25, Duffey filed the instant motion to remand this case back to the Superior Court of Henry County.[6] On April 8, Removing Defendants filed a response in opposition to Duffey's motion.[7] On April 21, Duffey filed a reply.[8]

## II.   LEGAL STANDARD

A civil action originally filed in state court can be removed to the federal district court embracing the state court, if the district court has original jurisdiction over the case. 28 U.S.C. § 1441(a). "[W]hen an action is removed from state court,

---

[3]   ECF 1-4; ECF 1-5; ECF 1-6.

[4]   ECF 1-7, at 72–73.

[5]   ECF 1.

[6]   ECF 7.

[7]   ECF 17.

[8]   ECF 18.

the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Federal courts possess limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332. The party seeking removal "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

A removing defendant must also timely seek removal. 28 U.S.C. § 1446(b)(1) requires a notice of removal to be filed within 30 days after the defendant receives a copy of the initial pleading setting forth the claim for relief. *See also* § 1446(b)(1)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.").

To determine if a case is removable from the face of the initial pleadings, a district court is permitted "to make reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010). In other words, "a district court need not suspend reality

or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *Id*. at 1062. Instead, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id*. *See also Wineberger v. RaceTrac Petroleum, Inc.*, 672 F. App'x 914, 917 (11th Cir. 2016) ("District courts may make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case . . . establishes the jurisdictional amount. Courts are not limited to a plaintiff's representations regarding its claim . . . and may use their judicial experience and common sense.") (internal citations and punctuation omitted). Removal statutes are construed narrowly and all uncertainties are resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

### III.   DISCUSSION

Duffey contends this action must be remanded because Removing Defendants did not timely file the initial notice of removal. Removing Defendants, conversely, assert they timely removed within 30 days after receiving Duffey's discovery responses, which they claim constituted the first indication the case could be removed. The Court finds Duffey's case could have been removed at its inception.

Duffey's Complaint alleges specific damages of $67,979.19 in medical expenses.[9] Duffey also seeks unspecified "general damages" and damages for "past, present and future pain and suffering" in amounts to be proven at trial.[10] None of the parties have provided the Court with affidavits of service evidencing the date on which Duffey served Removing Defendants with the Complaint. Nonetheless, Removing Defendants answered the Complaint on January 8, 2020.[11]

Although it can, in some instances, be appropriate for a defendant seeking removal to engage in discovery to determine removability when a plaintiff fails to plead a specific amount of damages, it is apparent from the face of Duffey's complaint that the amount in controversy exceeds $75,000. *See Roe*, 613 F.3d at 1061 ("[I]t may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages."). Experience and common-sense dictate that the value of Duffey's claims—$67,979.19 in past medical expenses, plus unspecified damages for future expenses and pain and suffering—would exceed $75,000. *Neal v. Scarborough*, No. 5:18-cv-280 (MTT), 2018 WL 4521029, at *2 (M.D.

---

[9]  ECF 1-3, ¶ 27.

[10] *Id.* ¶ 28.

[11] ECF 1-4; ECF 1-5; ECF 1-6.

Ga. Sept. 21, 2018); *LaFoy v. Fed. Ins. Co.*, No. 1:16-cv-1169-CC, 2016 WL 10567789, at *2 (N.D. Ga. Sept. 23, 2016) ("[A]lthough Plaintiff pleaded a sum certain with respect to only the breach of contract claim and left the damages sought with respect to the bad faith claim and attorneys' fees ambiguous, it is apparent from the face of the Complaint that the claims, at the time of removal, would likely exceed $75,000."); *Turner v. Wilson Foods Corp.*, 711 F. Supp. 624, 626 (N.D. Ga. 1989) (holding initial pleading that did not allege specific amount of damages nonetheless "put defendant on notice that the amount in controversy exceeded the [statutory] amount . . . so that a petition for removal should have been filed within thirty days of the receipt of the complaint"). It is reasonable to infer that Duffey's claims for "general damages" and damages for "past, present and future pain and suffering" would eclipse the $7,020.81 difference between Duffey's specified damages and the jurisdictional threshold. Reaching this conclusion is a burden appropriate for Removing Defendants to bear. *Neal*, 2018 WL 4521029, at *3 ("If the Court can use common sense to determine whether the allegations in a complaint facially establish the amount in controversy [when the specific amount is indeterminate], the Defendants should do the same."). *See also Roe*, 613 F.3d at 1061 ("Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy.").

Moreover, the record indicates that Removing Defendants had sufficient notice that the amount in controversy exceeded $75,000 well in advance of receiving Duffey's discovery responses. Specifically, on August 22, 2019—over two months *before* Duffey initially filed suit—Defendant Intact Insurance Company offered Duffey $100,000 to settle her claims.[12] While not dispositive, this is persuasive evidence that Removing Defendants knew the value of Duffey's claims from the inception and failed to timely file their notice of removal. Given the $100,000 value at least one Defendant assigned to Duffey's claims before the initiation of litigation, the settlement offer here carries significant weight. *Burns*, 31 F.3d at 1097 ("While [a] settlement offer, by itself, may not be determinative, it counts for something."). *See also Peterman v. Wal-Mart Stores Inc.*, No. 1:13-cv-91 WLS, 2013 WL 5210188, at *2 (M.D. Ga. Sept. 13, 2013) ("How much [a settlement letter] counts for [in the context of removal] depends on the content of the letter. . . [M]ore weight should be given to a settlement demand if it is an honest assessment of damages.") (internal citations omitted).

Therefore, Removing Defendants' 30-day period to remove this case based on diversity of citizenship began running on the date on which they received the

---

[12] ECF 7-6 (email from Michele Wakelin to Mark Pitts). The Court notes that all Removing Defendants are represented by the same legal counsel in this action.

Complaint and summons, not when they received Duffey's discovery responses. None of the parties provide the Court with a precise date for receipt. Based on the record, however, it is clear Removing Defendants were notified of this action prior to January 8, 2020—the date on which they filed their answers.[13] As such, the Court finds Removing Defendants' 30-day removal window opened—at the latest—on January 8 and expired on February 7. Removing Defendants failed to file their initial notice of removal until March 6, 2020, approximately 58 days after filing their answers. Thus, Removing Defendants have not met the statutory requirement of 28 U.S.C. § 1446(b) that removal take place within thirty days of ascertaining the case's removability. Therefore, this case must be remanded.

## IV.   CONCLUSION

Based on the foregoing, Duffey's motion to remand [ECF 7] is **GRANTED**. The Clerk is **DIRECTED** to **REMAND** this case to the Superior Court of Henry County, Georgia and close this case.

**SO ORDERED** this the 12th day of May 2020.

_____
Steven D. Grimberg
United States District Court Judge

---

[13]   ECF 1-4; ECF 1-5; ECF 1-6.